UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 12-2062 DOC (JPRx)                               Date: May 23, 2012

Title: KAZUMI MIYAYAMA V. WELLS FARGO BANK, N.A. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

Before the Court is a Motion to Withdraw as Counsel ("Mot.") brought by Rowel Manasan (Dkt. 24). Manasan is counsel to Plaintiff Kazumi Miyayama. For the reasons that follow, the Court will GRANT the Motion.

I.   Background

Plaintiff retained Manasan's firm, Manasan Law Group, on August 21, 2012, to defend the foreclosure proceedings against Plaintiff's home at 2109 Camino La Vista, Fullerton, California, 92833. Manasan Decl. (Dkt. 24-1) ¶ 2. On October 25, 2013, Manasan filed a complaint against Defendants Wells Fargo Bank, N.A., successor in interest to World Savings Bank, FSB; U.S. Bank N.A. as Trustee for the Wachovia Mortgage Loan Trust, LLC, Mortgage Passthrough Certificates, Series 2005-A, NDEX West, LLC. That complaint was then removed to this Court.

Manasan has sent Plaintiff monthly invoices and, as of April 15, 2013—the date that Manasan filed this Motion—Plaintiff has not paid her attorney for four months (January through April). *Id.* ¶¶ 3, 5. On March 29, 2013, Manasan Law Group sent an invoice and letter to Plaintiff, stating that if Plaintiff did not pay the balance by April 10, Manasan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-2062-DOC (JPRx)                                  Date: May 23, 2013
                                                                  Page 2

would no longer represent Plaintiff. *Id.* ¶ 6. Manasan represents that Plaintiff said she could not pay that balance by the deadline. *Id.* ¶¶ 7-8. After the deadline passed, Manasan notified Plaintiff about this Motion, and that she could retrieve her file or have it mailed to her. *Id.* ¶¶ 10-12.

### II.   Discussion

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." Local Rule 83–2.9.2.1. District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. *See Thompson v. Special Enforcement, Inc.,* 2008 WL 4811404 (C.D.Cal.2008). *See also Pedraza v. Alameda Unified School Dist.,* 2008 WL 482846 (N.D.Cal.2008); *Whiting v. Lacara,* 187 F.3d 317 (2d Cir.1999).

In determining how best to exercise that discretion, judges often look to the ABA Model Rules of Professional Responsibility, as well as the state's Professional Responsibility Rules for guidance, although the Rules, in and of themselves, do not mandate that the Court to take any particular action. *See Whiting, 187 F.3d at 321*. It is well-established that failure to pay fees is good cause to withdraw. *See, e.g.*, *Jackson v. Sturkie* , 255 F. Supp. 2d 1096, 1098-99 (N.D. Cal. 2003); *Mandell v. Superior Court of Los Angeles County* , 67 Cal. App. 3d 1 (1977); *see also* California Rule of Professional Conduct 3-700(C)(1)(f).

The Court further notes that counsel has given written notice "reasonably in advance to the client and to all other parties," Local Rule 83-2.9.2.1. The request from Plaintiff's counsel to withdraw is for a sound reason, and there is minimal prejudice to other parties or harm to the administration of justice at this early stage of litigation.

### III. Conclusion

Thus, for the reasons above, the Motion To Withdraw is GRANTED, and Manasan is permitted to withdraw as counsel for Miyayama.

MINUTES FORM 11
CIVIL-GEN                                                         Initials of Deputy Clerk: jcb